IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PPG ARCHITECTURAL FINISHES, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>    vs.<br><br>ALMAR LTD., a Hawaii corporation, ALFRED ADEL ANAWATI and MYRIAN A. BARINO,<br><br>              Defendants. | ) CIVIL NO. CV07-00448 HG LEK<br>) (Contract)<br>)<br>) FINDINGS AND<br>) RECOMMENDATION<br>) (1) THAT PLAINTIFF'S MOTION<br>) FOR DEFAULT JUDGMENT BE<br>) GRANTED IN PART AND<br>) DENIED IN PART, AND (2) THAT<br>) JUDGMENT BE ENTERED<br>) AGAINST DEFENDANTS<br>) ALMAR, LTD. AND MYRIAN A.<br>) BARINO<br>)<br>) HEARING<br>) Date: April 8, 2009<br>) Time: 1:25 p.m.<br>) Judge: Hon. Leslie E. Kobayashi |

**FINDINGS AND RECOMMENDATION  (1) THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE  GRANTED IN PART AND DENIED IN PART, AND  (2) THAT JUDGMENT BE ENTERED <u>AGAINST DEFENDANTS ALMAR, LTD. AND MYRIAN A. BARINO</u>**

The Court heard PPG Architectural Finishes, Inc.'s ("Plaintiff") Motion for Default Judgment, filed February 27, 2009 ("Motion"), on April 8, 2009.  There was no opposition filed to the motion.  Pursuant to this Court's instructions, on April 20, 2009, Plaintiff filed a supplemental declaration of counsel in support of an award of attorney's fees, costs and interest

("Supplemental Declaration").  On April 21, 2009, this Court issued an entering order identifying various deficiencies in the Supplemental Declaration and ordering Plaintiff to file a further declaration addressing these issues ("April 21 EO").  The April 21 EO warned Plaintiff that, if it failed to file the further declaration by May 1, 2009, this Court would recommend that the district judge deny Plaintiff's request for attorney's fees and costs.  Plaintiff did not file a further declaration.

The Court, having considered the Motion, the Supplemental Declaration, the argument of counsel, and the totality of the circumstances, and otherwise being fully apprised in the premises, FINDS as follows:

1. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. §1332 and venue is proper in this Court pursuant to 28 U.S.C. §1391(a) and ©.

2. Plaintiff filed its First Amended Complaint on May 30, 2008.

3. Defendant Almar, Ltd. ("Almar") and Defendant Myrian A. Barino were served with the First Amended Complaint on June 24, 2008 and June 21, 2008, respectively.  Due to both Defendants' failure to plead or otherwise respond to the First Amended Complaint, default was entered

against them on November 26, 2008.

  4. On December 9, 2008, pursuant to a Stipulation for Dismissal with Prejudice, signed by Chief United States District Judge Helen Gillmor, all claims against Defendant Alfred Adel Anawati were dismissed with prejudice and the action as to Anawati was terminated.

  5. Plaintiff is in the business of retail and wholesale of paint and paint related products.

  6. Plaintiff and its predecessor in interest, Ameron International, sold paint and other products to Almar.

  7. Barino was and is an owner of Almar and controlled Almar during the period of time Plaintiff sold its products to Almar.

  8. Defendants Almar and Barino took possession of products Plaintiff sold to Almar and failed to pay amounts due and owing for such products.

  9. On March 6, 2007, Barino acknowledged the debt to Plaintiff and his relationship to Almar and represented to Plaintiff that he intended to pay the balance owed to Plaintiff.

  10. Barino used a corporate fiction to defeat a rightful claim of Plaintiff and/or engaged in other improper conduct such that recognition of

such a fiction would bring about injustice and inequity.

11. The total amount due and outstanding from Defendants Almar and Barino to Plaintiff for the sale of products between 2005 and 2007 is $309,329.88.

12. Although demand was made upon Defendants Almar and Barino to pay the amounts due and owing, they have failed and refused to pay such amounts.

13. The issuance of a default judgment in this case is appropriate for the following reasons: (a) the possibility of prejudice to Plaintiff absent the issuance of a default judgment will leave Plaintiff without an avenue to collect funds owed to it; (b) Plaintiff's claim is a straightforward assumpsit claim based on the failure of Defendants Almar and Barino to pay for product Plaintiff sold to them; © although the amount outstanding is substantial, there is little possibility of a dispute concerning material facts as Defendants Almar and Barino have failed to even respond to the First Amended Complaint; and (d) there is no evidence that the failure to respond to the First Amended Complaint was due to excusable neglect.

14. Plaintiff has requested reasonable attorney's fees and

costs pursuant to Haw. Rev. Stat. § 607-14, but Plaintiff failed to provide the information this Court ordered in the April 21 EO.

15.   This Court cannot determine a reasonable award of attorney's fees and costs because Plaintiff failed to provide sufficient information in support of its request.

16.   This Court therefore finds that Plaintiff is not entitled to an award of attorney's fees and costs pursuant to § 607-14.

Accordingly, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment, filed February 27, 2009, be GRANTED IN PART AND DENIED IN PART.  This Court RECOMMENDS that the Motion be GRANTED to the extent that judgment be entered in Plaintiff's favor and against Defendants Almar, Ltd. and Myrian A. Barino, jointly and severally, in the principal amount of $309,329.88, together with prejudgment interest in the amount of $61,865.97, for a total judgment of $371,195.85.  This Court RECOMMENDS that the Motion be DENIED with regard to Plaintiff's request for attorney's fees and costs.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 4, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

_____
PPG Architectural Finishes, Inc. v. Almar. Ltd. et al., Civil No. 07-00448HG-LEK; FINDINGS AND RECOMMENDATION (1) THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED IN PART AND DENIED IN PART, AND (2) THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS ALMAR, LTD. AND MYRIAN A. BARINO